# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 20-60983
Summary Calendar

Karina Jeannet Temaj-Augustin; Eileen Iselle Ramirez-Temaj,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 563 916
BIA No. A208 563 917

Before Davis, Stewart, and Dennis, *Circuit Judges.*

Per Curiam:*

Karina Jeannet Temaj-Augustin and her derivative beneficiary, Eileen Iselle Ramirez-Temaj, are natives and citizens of Guatemala. They petition for review of the denial of their application for asylum and for protection

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60983

under the Convention Against Torture (CAT).  They do not challenge the denial of their claim for withholding of removal and have therefore abandoned that claim.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

This court reviews the final decision of the Board of Immigration Appeals (BIA) and will only consider the decision of the Immigration Judge (IJ) where it influenced the decision of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  Questions of law are reviewed de novo; factual findings, for substantial evidence.  *Id.* at 594; *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.  Whether an applicant is eligible for asylum or protection under the CAT is a factual finding which, as noted above, is reviewed for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, the petitioners must show they are unable or unwilling to return to their country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1).  A cognizable PSG must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question. *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014).  Further, "the social group must exist independently of the fact of persecution."  *Id.* at 236 n.11.

Petitioners argue that substantial evidence exists that, if removed, they will suffer persecution on account of Temaj-Augustin's membership in

2

the particular social group (PSG) of "Guatemalan women who are unable to leave their abusive relationship." This court has cautioned that PSGs cannot be circularly defined based on the persecution that their members suffer. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). A group is not cognizable if it "is defined by, and does not exist independently of, the harm." *Id.* This court has specifically declined to recognize as particular social groups various permutations of groups of women who are subjected to domestic abuse. *See id.* Accordingly, petitioners are ineligible for asylum because Temaj-Augustin's proposed social group is not cognizable.

To qualify for CAT protection, an applicant must establish that she is more likely than not to be tortured if removed to her home country and that the torture would be inflicted or condoned by the state. *Chen*, 470 at 1138-39; 8 C.F.R. § 1208.16(c). Petitioners have not made this showing. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (defining "torture" for purposes of the CAT). Petitioners' argument that they will be tortured based on generalized social conditions in Guatemala is too speculative to support CAT relief and is insufficient to compel reversal under the substantial evidence standard. *See Ramirez-Mejia*, 794 F.3d at 493-94.

The petition for review is DENIED.